IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No.  20-cr-20162-JTF

CHRISTOPHER ROBERT HARPER,

    Defendant.

---

**ORDER ADOPTING THE MAGISTRATE JUDGES REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTIONS TO SUPPRESS**

---

    Before the Court is Christopher Robert Harper's ("Defendant" or "Harper") Motion to Suppress and Amended Motion to Suppress, filed on January 4, 2021 and August 26, 2021, respectively. (ECF Nos. 41 & 79.) The motion was referred to the Magistrate Judge on January 21, 2021. (ECF No. 45.) On September 15, 2021, the Magistrate Judge held a hearing regarding the Motions to Suppress and permitted the parties to submit post-hearing briefs. (*See* ECF No. 84.) On March 16, 2022, the Magistrate Judge entered a Report and Recommendation, which recommended that the Motions to Suppress be **DENIED**. (ECF No. 113.) Defendant timely filed objections to the Magistrate Judge's Report and Recommendation, to which the Government responded. (ECF Nos. 114 & 116.) For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation that Defendant's Motion to Suppress be **DENIED**.

## LEGAL STANDARD

    Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and

determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. The district court is not required to review "a magistrate's factual or legal conclusions,

2

under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## FINDINGS OF FACT

In the Report and Recommendation, the Magistrate Judge sets forth proposed findings of fact based on testimony presented at the suppression hearing, as well as the parties' pre-hearing and post-hearing briefs. (*See* ECF No. 113.) Defendant objects to the Magistrate Judges' failure to include and address hearing testimony of its expert witness, Richard Conner, as part of the Motion to Suppress. (ECF No. 114, 1.) Thus, it appears that Defendant indirectly objects to the Magistrate Judge's findings that: (1) Torrential Downpour is customized to ensure downloads from a single-source only to search the network for individuals sharing child pornography; (2) the program identified a device at Internet Protocol ("IP") address 73.2.174.228 that was offering torrent files; (3) the titles of some of the files being offered were indicative of child pornography; (4) Agent Lies established a direct connection with the suspect device at IP address 73.2.174.228 and initiated a download of all the files being offered; and (5) a successful download was completed on January 26, 2020. (*See* ECF No. 113, 2.) Defendant does not directly challenge the findings of fact, but submits that the findings of fact related to this issue cannot be verified without testing and validation of the law enforcement version of the BitTorrent program used by Agent Lies. (ECF No. 114, 4.) Defendant wants to verify that the program works as Agent Lies stated it does. (*Id*.) Defendant contends that it is impossible for the defense to know whether Harper made his files available for sharing using BitTorrent without a forensic examination of the program Agent Lies used during his investigation. (ECF No. 114, 5.) The government submits that the proposed findings of fact are based solely on the evidence that was proffered at the suppression hearing and that Defendant's objections should be overruled. (ECF No. 116, 5.)

Initially, Court agrees with the parties and the Magistrate Judge that the Motion to Suppress and the Motion to Compel are intertwined. (*See* ECF Nos. 113 & 114, 2.) It is apparent that the Magistrate Judge addressed Conner's testimony in deciding the Motion to Compel.[1]

It appears that Defendant is actually objecting to the Magistrate Judge's reliance on hearing testimony that supports the proposed conclusions of law. (ECF No. 114, 4.) That being said, the Court finds that the proposed findings of fact are based on the Magistrate Judge's review of the record and hearing testimony, including his credibility determinations. The Court has reviewed the record, including the hearing transcript, and finds no reason to question or disturb the Magistrate Judge's assessment. Defendant's objections are **OVERRULED**.

Defendant makes another omission of fact objection. (ECF No. 114, 4.) Defense counsel objects to the Magistrate Judges' failure to include the fact that Lies could not recall whether the music studio software that Defendant downloaded via BitTorrent was one of the shared files on his computer. (*Id*.) Lies testified that it was music studio software that Harper downloaded via the BitTorrent program. (ECF Nos. 114 & 87, 98-99.) The government submits that the Magistrate Judge found this testimony irrelevant. (*See* ECF No.116, 5.) The Court agrees. Upon review of the transcript, it appears that the Magistrate Judge found this testimony to have more to do with guilt or innocence as opposed to issues on the motion to suppress. (ECF No. 87, 99.) Defense counsel agreed and withdrew the line of questioning. (*Id*. at 98-99.) Thus, the Court finds that Defendant's omission of fact objection should also be **OVERRULED**.

## ANALYSIS

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated

---

[1] The Court notes that the Magistrate Judge discussed at length, defense expert witness Richard Conner's testimony in its order denying the motion to compel. (See generally Order Denying Motion To Compel, ECF No. 117.)

[.]" U.S. Const. amend. IV.  A defendant's "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 438 U.S. 128, 143 (1978).  "A defendant must satisfy a two-pronged test to show a legitimate expectation of privacy: 1) he must manifest an actual, subjective expectation of privacy; and 2) that expectation is one that society is prepared to recognize as legitimate." *United States v. Pollard*, 215 F 3d 643, 647 (6th Cir. 2000).

In the Report and Recommendation, the Magistrate Judge concluded Defendant does not have a reasonable expectation of privacy in the files he made public for sharing using BitTorrent because Defendant's expectation of privacy is not "one that society is prepared to recognize as reasonable."  (*See* ECF No. 113); *see also United States v. Connor*, 521 F. App'x 493, 497 (6th Cir. 2013).  The Magistrate Judge based this conclusion of law on the belief that programs such as BitTorrent are expressly designed to make files on a computer available for download by the public, including law enforcement.  (*See* ECF No. 113, 7) (citing *Connor*, 521 F. App'x at 497). As the Magistrate Judge noted, public exposure of information in this manner defeats any reasonable expectation of privacy under the Fourth Amendment.  (*See id*.)  This Court agrees.

As noted above, Defendant contends that it is impossible for the defense to know whether Harper made his files available for sharing using BitTorrent without a forensic examination of the program Agent Lies used during his investigation.  (ECF No. 114, 5.)  Again, the parties, the Magistrate Judge and this Court agree that the Motion to Dismiss and the Motion to Compel are related and intertwined.  (*See* ECF Nos. 113 & 114, 2.)  However, it appears Harper is asking this Court to allow a fishing expedition into the government's program without first making an initial showing of materiality, nor proffering supporting evidence to show any type of wrongdoing,

5

negligence, or error on the part of Agent Lies or the program he used.² This Court declines Defendant's request.

Nevertheless, the Magistrate Judge points out that peer-to-peer file sharing networks like BitTorrent are expressly designed to make files on a computer available for download by the public, including law enforcement. (*See* ECF No. 113) (citing *Conner*, 521 F. App'x at 497). To underscore this point, some courts have uniformly rejected the privacy arguments raised by Harper involving peer-to-peer file sharing. (*See* ECF No. 113, 8-9.) *See e.g., United States v. Hoeffener*, No. 4:16-CR-374, 2018 WL 2996317, at *10-11 (E.D. Mo. May 9, 2018) (rejecting defendant's argument that he had a reasonable expectation of privacy when sharing files through BitTorrent); *United States v. Maurek*, 131 F. Supp. 3d 1258, 1263 (W.D. Okla. 2015) (holding that defendant had no reasonable expectation of privacy in files downloaded from his computer that were shared over BitTorrent network). Although as a general matter an individual has an objectively reasonable expectation of privacy in his personal computer, the Court fails to see how Defendant has a reasonable expectation of privacy in files that he downloaded and made available to the public through a peer-to-peer network such as BitTorrent. *See Katz v. United States*, 389 U.S. 347, 351 (1967). Therefore, Defendant's Motion to Suppress the files downloaded by Agent Lies on January 26, 2020, using Torrential Downpour, is **DENIED**.

Finally, Defendant challenges the Magistrate Judge's conclusion that Harper knowingly and voluntarily consented to a search of his laptop. (*See* ECF Nos. 113, 9 & 114, 7.) The government relies on *United States v. Robinson*, 2007 WL 2138635 at * 1 (E.D. Tenn. Aug. 30, 2011), which provides that "credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the

---

² The issue of access to the government's software and program is reviewed and analyzed by the Magistrate Judge in his Order Denying the Motion to Compel. (ECF No. 117.)

record he finds a reason to question the magistrate judge's assessment." (*See* ECF No. 116, 7.) A valid consent to search waives an individual's Fourth Amendment rights, including the warrant requirement. *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004). However, the burden is on the government to show, through clear and positive testimony, that an individual's consent to search was given knowingly, voluntarily and intelligently, without any duress or coercion. *United States v. Canipe,* 569 F.3d 597, 602 (6th Cir. 2009); *see also United States v. Crowder*, 62 F.3d 782, 787 (6th Cir. 1995) (holding that a defendant must show more than a subjective belief of coercion, but also some objectively improper action on the part of the police.)

 The Magistrate Judge found that Harper knowingly and voluntarily consented to the search of his laptop. (ECF No. 113, 9.) Harper's consent was obtained free from coercion or threats. (*Id*.) Upon considering the testimony of Defendant, Defendant's wife, Cristy Butler, and Agent Lies, the Magistrate Judge found the testimony of Lies and Butler to be credible and the testimony of Harper to be not credible. (*Id.* at 1 & 9-10.) The testimony of Lies was that Harper knowingly and voluntarily consented to the search of the laptop when Agent Lies and another agent interviewed Harper at the car wash and again at his home. (*Id*. at 10.) In reaching this conclusion, the Magistrate Judge clearly considered Butler's hearing testimony that an agent told her that her children could be taken away if she talked to Harper about the ongoing investigation. (*Id*. at 10.) However, this so called "threat" was not directed toward, or communicated to Harper, and thus had no bearing on Harper's consent. (*Id*. at 10-11.) After *de novo* review of the entire record, including the transcript of the proceedings, the Court finds no reason to question or disturb the credibility determination of the Magistrate Judge. Harper's consent was obtained voluntarily and intelligently, and free from coercion. The Motion to Suppress the search and seizure of Harper's laptop is **DENIED**.

7

## **CONCLUSION**

For the reasons discussed above, the Court **ADOPTS** the Report and Recommendation that Defendant's Motion to Suppress should be **DENIED**.

**IT IS SO ORDERED** this 18th day of May 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
